**LICHUAN MA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–74858.**

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 31, 2009.

Lorance Hockert, New York, NY, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, John C. Cunningham, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Lichuan Ma, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and de novo claims of due process violations, *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny the petition for review.

The BIA correctly determined that Ma did not comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988), because Ma provided insufficient evidence that his prior counsel received notice and an opportunity to respond to the allegations against her. *See Reyes v. Ashcroft,* 358 F.3d 592, 594 (9th

Cir.2004). Moreover, his claim of ineffective assistance of counsel was not plain on the face of the record. *See Rojas–Garcia v. Ashcroft,* 339 F.3d 814, 825–26 (9th Cir. 2003) (recognizing substantial compliance with *Lozada* procedural requirements where legitimacy of the claim is plain on the face of the administrative record).

Ma's due process claim fails because the IJ twice instructed him to submit himself for fingerprinting, informed Ma of the consequences of a failure to do so, and gave him an instruction form detailing where and how to get fingerprinted. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation); *cf. Cui v. Mukasey,* 538 F.3d 1289, 1292–95 (9th Cir.2008).

We reject Ma's contentions regarding alleged violations of international law.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

